# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DWAYNE MANKE and <br> NORMA MANKE, <br><br> Movants, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 12-1086-EFM-KGG <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPORT & RECOMMENDATION ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

In conjunction with their Petition to Quash I.R.S. Summons (Doc. 1), Movants Dwayne and Norma Manke have filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed). Having reviewed Movants' submissions, the Court provides the following Report & Recommendation to the District Court recommending that the Motion be **DENIED**.

## DISCUSSION

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of

financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In their supporting financial affidavit, Movants indicates they are 81 and 72 years old respectively, and retired, with no dependents. (Doc. 3-1, sealed, at 1-3.) Their only stated source of income are modest Social Security benefits they each receive. (*Id*., at 5.) Even so, this modest income exceeds their stated expenses by more than $200.00 per month. While Movants indicate only a small amount of cash on hand, they also own real property that has a significant stated value with no financial encumbrances. (*Id*., at 3-4.) They also possess a 2010 Toyota Camry, which they own outright. (*Id*., at 4.) They have never filed for bankruptcy. (*Id*., at 6.)

Considering all of the information contained in the financial affidavit, Movants have not established that their access to the Courts would otherwise be seriously impaired if they are not granted *IFP* status. To the contrary, they admittedly have tens of thousands of dollars in equity in real property, as well as a relatively new automobile that is paid for. Movants are not in the type of financial situation for which the *IFP* status was created. Under these circumstances, the undersigned Magistrate Judge recommends that the motion for *IFP* status be **DENIED**.[1]

**IT IS THEREFORE RECOMMENDED** to the District Court that the motion for *IFP* status (Doc. 3) be **DENIED**. IT IS FURTHER RECOMMENDED that Plaintiffs have sixty (60) days from the date of this Order to pay the requisite filing fee.

**IT IS FURTHER ORDERED** that a copy of the recommendation shall be sent to Movants *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P.

---

[1] A United States Magistrate Judge, on a motion to proceed *in forma pauperis*, should issue a report and recommendation as to whether the party is entitled to IFP status, rather than denying motion outright, since denial would be the functional equivalent of involuntary dismissal. ***Lister v. Department of Treasury***, 408 F.3d 1309, 1311-12 (10th Cir. 2005).

72, and D.Kan. Rule 72.1.4, Movant shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, their written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Movants' failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 14th day of June, 2012.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge